**FILED**
**MAY 21, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNNY BIRDOW, JR., PRO SE, § | | |
| Previous TDCJ-CID # 634592 § | | |
| Previous TDCJ-CID # 596194 § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0044 | |
| § | | |
| JOE GRIMES, JASON A. MOELLER, § | | |
| GERONICA MARTINEZ, § | | |
| K. MARTINEZ, and § | | |
| NFN BLACKERBY, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff JOHNNY BIRDOW, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff states that in March or April of 2007, he filed a grievance against defendants Sargent MOELLER and CO TORIBIO complaining of harassment. Plaintiff alleges that, on April 20, 2007, after the filing of the grievance, he and his cellmate were summoned from the recreation yard by TORIBIO, at MOELLER's order, to get the keys to their lockers. They were allowed to return to recreation and then were recalled and forced to stand for over an hour and a half while defendant GERONICA MARTINEZ searched their cell, at defendant MOELLER's order. Plaintiff alleges his headphones and those of his cellmate were confiscated, and both of them were given confiscation papers by defendant MOELLER. Plaintiff says he was later given

a disciplinary case, but his cellmate was not. Plaintiff alleges when he and his cellmate returned to their cell, they found their belongings in complete disarray and that many of his photos and legal material were torn. Plaintiff says defendant GERONICA MARTINEZ told him she acted on MOELLER's order.

On April 29, 2007, plaintiff says defendant MOELLER called plaintiff to the desk at 8:00 p.m., knowing plaintiff would be asleep at that hour, and gave plaintiff his lay-in pass and sarcastically told plaintiff he loved him.

Plaintiff says that on May 6, 2007, defendant K. MARTINEZ escorted plaintiff and his cellmate to Sergeant MOELLER who harassed him again. Plaintiff does not state what form that harassment took but claims it was in retaliation for the grievance he had filed for the property destruction in the earlier cell search.

Plaintiff alleges that, on May 20th, defendant MOELLER again ordered defendant MARTINEZ[1] to search plaintiff's cell and that, on this occasion, defendant BLACKERBY assisted. Again, plaintiff's property and that of his cellmate was torn up and in disarray when they were finished. Plaintiff says MOELLER then confronted plaintiff with magazines which plaintiff told MOELLER belonged to his cellmate. MOELLER said he didn't care and asked plaintiff if that was his statement. MOELLER also confronted plaintiff with an expired meal card plaintiff had kept and then wrote plaintiff a disciplinary case for having an extra meal card. Plaintiff claims the case was false because the rule against extra meal cards "only applies if they are for the same month."

---

[1] Plaintiff does not identify which defendant MARTINEZ he refers to in this allegation.

Plaintiff contends his First, Eighth, and Fourteenth Amendment rights were violated by defendants GRIMES and MOELLER and his Eighth and Fourteenth Amendment rights were violated by defendants GERONICA MARTINEZ, K. MARTINEZ, and BLACKERBY.

Plaintiff requests declaratory judgment, injunctive relief, and $5,000.00 from each defendant for "emotional injuries" and $5,000.00 from each defendant in punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

Initially, the Court notes that plaintiff cannot collect monetary relief from any of the defendants for his "emotional injuries."

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Further, plaintiff's request for injunctive relief is moot; plaintiff is no longer in prison as he has not shown "either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the [Clements unit]." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). *See, Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996).

Plaintiff's First Amendment claim is that the adverse events recounted above were triggered by his two grievances. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166

(5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

The alleged retaliation consists of two cell searches, one occurring in April and one in May of 2007, and two other instances when plaintiff was called to MOELLER's desk and subjected to unspecified harassment. The Court notes the alleged harassment began before plaintiff filed his initial grievance, and plaintiff has alleged no fact to support his claim that the additional harassment he alleges was retaliatory. Further, although plaintiff blames the two cell searches on his previous grievances, he alleges no fact to support this speculation. If the mere filing of a grievance were sufficient to show that any subsequent adverse occurrence were retaliatory, the causation requirement, that "but for" the retaliatory motive the adverse act would not have occurred, would be rendered meaningless. Plaintiff has alleged no fact to support his speculation that the cell searches were retaliatory and, thus, has failed to state a First Amendment retaliation claim on which relief can be granted.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take

reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). Prison conditions transgress this standard when they constitute a deprivation of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).

The facts alleged by plaintiff do not show conditions which transgress the floor established by the Eighth Amendment. Plaintiff has not alleged he was deprived of the "minimal civilized measure" of any of life's necessities and, therefore, his Eighth Amendment claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's Fourteenth Amendment Claim, plaintiff alleges a random deprivation or destruction of his property, not one in accord with prison regulations. Texas provides an adequate post-deprivation remedy by way of a civil action in tort for conversion. *Murphy v. Collins,* 26 F.3d 541, 543-44 (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78

L.Ed.2d 236 (1983). Thus, with respect to claims arising from the confiscation or destruction of his property, plaintiff has failed to state a procedural due process claim.

Moreover, to the extent plaintiff is asserting a due process claim grounded in the allegedly false disciplinary case he received, there is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2004). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id*.

To the extent plaintiff sues defendant Assistant Warden GRIMES for "failing to curb the misconduct of officers under his supervision," plaintiff has alleged no fact showing defendant GRIMES was made aware of any problems plaintiff had with one or more of the defendants. Moreover, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by defendant GRIMES and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation. Consequently, plaintiff's claim against defendant GRIMES lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JOHNNY BIRDOW, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IT IS SO RECOMMENDED.

ENTERED THIS 21ST DAY OF MAY 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).